Robert W. DZIUBLA, et al.,
Plaintiffs–Appellants,

v.

CARGILL, INC., et al., Defendants–
Appellees.

No. 04–56367.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 25, 2006.

Filed Dec. 21, 2006.

Harrison Gavin Long, Redondo Beach, CA, for Plaintiffs–Appellants.

Mark C. Holscher, Esq., O'Melveny & Myers, LLP, Los Angeles, CA, for Defendants–Appellees.

Before: SILER,* TASHIMA, and BEA, Circuit Judges.

---

\* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

## MEMORANDUM **

Plaintiff Robert Dziubla appeals the district court's order granting Defendant Cargill, Inc.'s motion to compel arbitration. For the reasons below, we affirm the district court.

A dispute developed after Dziubla and several Cargill subsidiaries entered a joint venture agreement ("JVA") for the purpose of investing in Thailand. The JVA contained an arbitration provision. Dziubla contests the district court's order compelling arbitration of his claims against Cargill, Inc., on the ground that it was a non-signatory to the JVA. However, this court recognizes that equitable estoppel and agency principles may permit non-signatories to compel arbitration. *See Comer v. Micor, Inc.*, 436 F.3d 1098, 1101–02 (9th Cir.2006).

▮ Here, Dziubla is estopped from claiming that Cargill, Inc. is not a proper party to the case. Dziubla treated the signatory subsidiaries and Cargill, Inc. as a single unit throughout his pleadings. Moreover, arbitration is appropriate under reverse agency law. All of Dziubla's allegations against the parent corporation "relate to or arise out of the contract containing the arbitration clause." *See Britton v. Co-op Banking Group*, 4 F.3d 742, 747 (9th Cir.1993).

▮ Also unconvincing is Dziubla's claim that the JVA's arbitration clause is unconscionable. Under New York law per the JVA's choice of law clause, Dziubla must show both procedural and substantive unconscionability. *See Brennan v. Bally Total Fitness*, 198 F.Supp.2d 377, 382 (S.D.N.Y.2002). Dziubla's contention that he was effectively forced into signing the JVA because it was presented on a

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

take-it-or-leave-it basis after uprooting his family to Thailand does not amount to procedural unconscionability. Given his impressive legal background, there was no disparity of bargaining power as Dziubla could have negotiated an employment contract before changing his domicile. *See id.* at 383. Going to the second part of the inquiry, substantive unconscionability is measured at the time of contract formation. *See Gillman v. Chase Manhattan Bank, N.A.,* 73 N.Y.2d 1, 10, 537 N.Y.S.2d 787, 534 N.E.2d 824 (1988). Here, no evidence was presented showing that the arbitration forum was substantively unconscionable. Dziubla was living in Southeast Asia when he entered into the JVA, and, therefore, arbitration in Singapore was not unreasonable. *See Brennan,* 198 F.Supp.2d at 382.

The rest of Dziubla's contentions are without merit.

**AFFIRMED.**